ZOBREST v. EAST BUFFALO BREWING CO. et al.

(Supreme Court, Equity Term, Erie County.   June 6, 1912.)

APPEAL AND ERROR (§ 458*)—APPEAL—INJUNCTION PENDING DETERMINATION.

   Where plaintiff, suing in equity to determine the ownership of a liquor tax certificate issued to him and assigned to defendant for a consideration claimed by plaintiff to have been satisfied, appealed to the Court of Appeals from an adverse judgment of the Appellate Division, and moved for an order to stay action by defendant pending the appeal, and showed that for many years he had been the owner of the premises where the liquor business was carried on by him, and that he had paid all the moneys advanced to him by defendant, the court would stay proceedings pending the appeal and protect the rights of both parties; the bond of in-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

demnity given by plaintiff on obtaining an injunction remaining in force, and plaintiff being personally responsible.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2223, 2224; Dec. Dig. § 458.*]

Action by John W. Zobrest against the East Buffalo Brewing Company and others. Injunction granted pending determination of an appeal to the Court of Appeals.

Love & Keating, for plaintiff.

Shire & Jellinek (Vernon Cole, of counsel), for defendants.

POOLEY, J. This is an equity action to determine the ownership of a liquor tax certificate issued by the State Excise Department to plaintiff, and by him assigned to the Brewing Company under an agreement in writing, the consideration for which, the plaintiff contends, has been fully satisfied. An injunction was granted restraining the Brewing Company from interfering with the certificate, and plaintiff gave a sufficient bond to indemnify the Brewing Company in the event of damage suffered, should the action be finally determined adversely to the plaintiff. Judgment was rendered against the plaintiff, and on appeal to the Appellate Division the judgment was affirmed without opinion (135 N. Y. Supp. 1151); McLennan, Presiding Justice, dissenting. The plaintiff has appealed to the Court of Appeals, and given the usual undertaking for costs, and now moves for an order staying all proceedings of the defendants pending the hearing and determination of the appeal to the Court of Appeals.

It appears, without dispute, that plaintiff is, and for many years has been, the owner of the premises where the business is, and for many years has been, carried on by him; that he had paid the Brewing Company all moneys advanced to him; and that he owed the Brewing Company no money. Of course, this certificate, which is the subject of the controversy, will expire before the appeal to the Court of Appeals can be argued; but the renewal certificate is covered by the agreement which, if finally found valid and binding by the Court of Appeals, will be vested in the Brewing Company. The bond for indemnity still stands, and the plaintiff is personally responsible. Should the certificate be delivered to the Brewing Company, the plaintiff would be put out of business, and, in the circumstances here, could not use his property for the business that he has conducted there for many years. Plaintiff should not be deprived of his business unless and until it is finally determined that his contention cannot be sustained. On the other hand, the plaintiff should not dispose of the certificate or any renewal of it, or in any way hypothecate it, so that upon the final determination, if favorable to the Brewing Company, it shall be delivered intact, according to the decree.

Ordered accordingly.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes